JOURNAL ENTRY AND OPINION
{¶ 1} Darrell Millet appeals the judgment of the Cuyahoga County Common Pleas court sentencing him to a cumulative term of imprisonment of fifteen years to life following his guilty plea to rape, with the element of force deleted, complicity to commit rape, with the allegation of force and the sexually violent predator specification deleted, pandering sexually oriented matter involving a minor, and child endangering. On appeal, he assigns the following as error for our review:
 {¶ 2} The trial court erred in making the finding that the conduct described in count one constituted the worst form of the offense, when it considered the elements of the offense as factors aggravating the seriousness of the conduct, and that finding was not otherwise supported by the record.
 {¶ 3} The trial court erred in making the finding that the child endangering constituted the worse form of the offense, when that finding was not supported by the record.
 {¶ 4} Mr. Millet was denied his fundamental right to due process when the trial court erred in relying on both the prosecutor's claims and the content of a recently created police report and accepted those as evidence that defendant engaged in a pattern of sexual misconduct over the last thirty years.
 {¶ 5} The trial court erred in finding that Mr. Millet's remorse was inadequate for mitigation purposes.
 {¶ 6} Having reviewed the arguments of the parties and the pertinent law, we affirm the judgment of the trial court. The apposite facts follow:
 {¶ 7} In April 2001, a Cuyahoga County Grand Jury returned a twenty-two count indictment against Millet. Counts one through four charged Millet with rape of a child under thirteen; counts five through nine charged him with gross sexual imposition; counts ten through thirteen charged complicity to commit rape. Each of these counts contained a sexually violent predator specification. Count fourteen charged Millet with disseminating obscene matter to a juvenile, counts fifteen through eighteen charged him with pandering sexually oriented matter involving a minor, counts nineteen through twenty-one charged him with child endangering, and count twenty-two charged him with possession of criminal tools.
 {¶ 8} These charges stem from the sexual molestation of Millet's nine-year-old granddaughter and her eleven-year-old brother, as well as his use of the children to produce child pornography. Millet engaged in sexual conduct with his granddaughter when she was eight and nine years old; such conduct included sexual intercourse, oral sex, fondling, and mutual insertion of a vibrator. Additionally, Millet forced his granddaughter to engage in sexual conduct with her brother. Millet took digital, still, and video photographs of the described abuse.
 {¶ 9} On August 27, 2001, Millet pleaded guilty to rape, with the element of force deleted, complicity to commit rape, with the allegation of force and the sexually violent predator specifications deleted, pandering sexually oriented matter involving a minor, and child endangering.
 {¶ 10} Following a sentencing hearing, the trial court sentenced him to a term of ten years to life for the rape count, nine years for complicity to commit rape, six years for pandering, and eight years for child endangering. The court further ordered the complicity and pandering terms to be served consecutively and the remaining terms to run concurrently. The court also classified Millet as a sexual predator.
 {¶ 11} At the time of sentencing, evidence was also introduced to show Millet had raped his granddaughter's seven-year-old half sister while in the State of Washington in April 2001. A police report was introduced to show that Millet had preyed on young female relatives as far as thirty years earlier.
 {¶ 12} In his first and second assigned errors, Millet argues the trial court erred in finding his acts constituted the worst form of the offenses of rape and child endangering.
 {¶ 13} R.C. 2929.14(C) states * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense * * *.
 {¶ 14} The law is well defined that this court will not reverse a trial court on issues involving Senate Bill 2, unless the defendant shows by clear and convincing evidence that the trial court has erred.[1]
 {¶ 15} In State v. Berry, we examined a similar issue and stated, [w]e therefore, read Edmonson to require when imposing the maximum term under R.C. 2929.14(C) that the trial court must make a `category finding' under R.C. 2929.14(C) and also give its reason for the `category finding' under R.C. 2929.14(C).[2]
 {¶ 16} In this case, the court made a finding that with respect to rape of the nine-year-old granddaughter, Millet's actions constituted the worst form of the offense. For its reasons, the court stated that in addition to the age of the victim, Millet's family relationship to the victim, i.e., that he is her grandfather, facilitated the offense. The trial court further stated the rape had serious psychological consequences.
 {¶ 17} By finding Millet committed the worst form of the offense, and providing sufficient reasons in support, the trial court fully complied with R.C. 2929.14. Accordingly, Millet's first assigned error is without merit.
 {¶ 18} Regarding the child endangering offense, which related to Millet making the victims participate in the production of child pornography, the court stated, It's pretty close to the worst form of the offense, maybe not the worst form of the offense, but certainly has had a devastating effect on this little boy. The taking of photos of himself doing these kinds of things is also bad. However, in the journal entry, the trial court stated the child endangering of both children was the worst form of the offense. For its reasons, the court stated both children have suffered serious psychological consequences and the evidence shows the male victim has been so psychologically traumatized that he stabbed a couch repeatedly and has made subsequent sexual advances towards his sister.
 {¶ 19} The court further found the injury to the children was magnified by the number of incidents and the length of time over which they occurred. Accordingly, the second assigned error is without merit.
 {¶ 20} In his third assigned error, Millet argues the trial court erred when it relied on a police report that alleged he engaged in sexual misconduct thirty years earlier. The State, however, argues the police report is no different than letters submitted by victims or family members of the victims prior to sentencing.
 {¶ 21} We find that this assigned error is not well taken as the trial court based its `worst form of offense' finding upon sufficient reasons other than the police report. Therefore, even without considering the police report, the trial court lawfully imposed a maximum sentence. Accordingly, the third assigned error is without merit.
 {¶ 22} In his final assigned error, Millet argues the trial court erred in finding that Millet's remorse was inadequate for mitigation purposes.
 {¶ 23} In its journal entry, the trial court stated, Although evidence has been offered that the defendant's conduct was brought on by his wife's death, this evidence is not persuasive since in the prior thirty years he sexually abused other young female relatives although he was not prosecuted for that conduct. * * * The defendant's expressions of remorse at the sentencing hearing seemed superficial — more related to a recognition that his conduct was wrong rather than to deep feelings of shame and regret.
 {¶ 24} Because the trial court was in the best position to observe Millet and evaluate the level of his remorsefulness, we are not inclined to dispute its finding. Therefore, this assigned error is without merit and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] See R.C. 2953.08(6)(1) and (d); State v. Berry (March 9, 2000), Cuyahoga App. No. 75470, 75471.
[2] Berry, supra.